IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Jarrett; Tina Alvarez, ) | No. CV 05-00078-TUC-DCB(CRP) |
| Plaintiffs, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| United States of America, ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss\Motion for More Definite Statement. (Docket #7). For the reasons stated below, the Magistrate Judge recommends that the District Judge **grant** the motion in part.

The Magistrate Judge has authority to issue a Report and Recommendation on this case in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 53.1 and 53.2.

**Procedural History**

Plaintiffs filed a complaint on February 01, 2005, pursuant to the Federal Tort Claims Act. (Docket #1). On April 13, 2005, Defendant filed a motion to dismiss. (Docket #7). Defendant's motion seeks to dismiss Tina Alvarez as a Plaintiff for lack of subject matter jurisdiction. Defendant also seeks to dismiss counts/paragraphs three and four of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative to require Plaintiffs to provide a more definite statement. Plaintiffs filed a response to Defendant's motion. (Docket

1 #8). In their response, Plaintiffs argue that Plaintiff Alvarez should not be dismissed because
2 she was identified on Plaintiff Jarrett's claim as his wife and Defendant could have assumed
3 that Alvarez would make a claim for loss of consortium. Plaintiffs further argue that whether
4 or not Alvarez made a claim is irrelevant because the government would have denied the
5 claim. Plaintiffs also argue that paragraphs three and four are meant to be read in connection
6 with the other six paragraphs and in context inform Defendant of allegations sufficient for
7 Defendant to formulate an answer.

8 **Standard of Review**

9       A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may
10 attack either the allegations of the complaint as insufficient to confer upon the court subject
11 matter jurisdiction, or the existence of subject matter jurisdiction in fact. *Thornhill Publ'g*
12 *Co., Inc. v. General Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir.1979). When the motion
13 to dismiss attacks the allegations of the complaint as insufficient to confer subject matter
14 jurisdiction, all allegations of material fact are taken as true and construed in the light most
15 favorable to the nonmoving party. *Federation of African Amer. Contractors v. City of*
16 *Oakland,* 96 F.3d 1204, 1207 (9th Cir.1996). When the motion to dismiss is a factual attack
17 on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's
18 allegations, and the existence of disputed material facts will not preclude the trial court from
19 evaluating for itself the existence of subject matter jurisdiction in fact. *Thornhill,* 594 F.2d
20 at 733.

21       Plaintiff has the burden of proving that jurisdiction does in fact exist. *Thornhill,* 594
22 F.2d at 733. Conclusory allegations of law and unwarranted inferences are insufficient to
23 defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.,* 95 F.3d 922, 926 (9th Cir.1996).

24       Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure
25 to state a claim upon which relief can be granted." In these instances, review is limited to the
26 contents of the complaint. *Campanelli v. Bockrath,* 100 F.3d 1476, 1479 (9th Cir.1996). A
27 motion to dismiss under 12(b)(6) may also be granted if an affirmative defense or other bar
28 to relief is apparent from the face of the complaint, such as absolute immunity or the statute

of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice,* ¶ 12.07 at 12-68 to 12-69 (2d ed. 1991 & Supp. 1191-92) citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

**Discussion**

*Dismissal of Plaintiff Alvarez*

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff Tina Alvarez's claim for loss of consortium because she failed to exhaust administrative remedies as required by the Federal Tort Claims Act.

Federal Law, 28 U.S.C. § 1346, provides that the United States District Court shall have jurisdiction over claims against the United States for money damages for injury, loss of property, personal injury or death caused by negligent or wrongful acts or omissions of employees acting within their scope of employment for the Government.  However, 28 U.S.C. § 2675 provides that an action shall not begin "unless claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing..."

In the present case, a claim was filed by Plaintiff Jarrett on May 07, 2004, alleging that Jarrett was injured when he tripped over a concrete step at the Federal Correctional Institute in Safford, Arizona. (Defendant Motion, Exhibit B).  The claim asserts a personal injury claim for $100,000. (*Id.*)  Plaintiff Alvarez appears on the claim under box 6, "name and address of spouse, if any." (*Id.*)  Neither Alvarez nor her claim for loss of consortium appear anywhere else on the claim. Plaintiffs admit in their response that Alvarez did not submit an administrative claim. (Plaintiff Response, p.2).

The statute and case law are clear, the district court does not have jurisdiction over a tort claim against the Government until the claimant first exhausts administrative procedures. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir.1992) citing *Caton v. United States*, 495 F.2d 635, (9th Cir.1974); *Burns v. United* States, 764 F.2d 722 (9th Cir.1984); Johnson *v. United States*, 704 F.2d 1431, 1442 (9th Cir.1983).  *Johnson* specifically addresses a loss of consortium claim

1 made by a spouse. In that case, as in this one, the wife was identified on the claim of the
2 husband as his spouse, but there was no mention of her claim of loss of consortium and she
3 did not sign the claim. *Johnson* at 1431. The Court concluded that failure of the wife to
4 exhaust the administrative procedures for her loss of consortium claim precluded the Court
5 from jurisdiction over her claim. *Id.* The case at hand consists of identical facts and, as such,
6 this Court does not have jurisdiction over Alvarez's claim for loss of consortium.

7 Plaintiffs assert that Alvarez's failure to follow the administrative procedures is
8 irrelevant to the determination of the claim and that had she followed them the outcome
9 would have been identical. However, the Court has also held that filing of a claim in district
10 court after submission of a claim to the administrative agency, but prior to the issuing of
11 official letter denying the claim, divests the Court of jurisdiction. *McNeil,* 508 U.S. 106;
12 *Jerves*, 966 F.2d 517. If failure to wait for the issuance of denial of a claim divests the Court
13 of jurisdiction, the Court may not exercise jurisdiction based on the assertion that had the
14 claim been filed, it would have been denied. Thus, the Magistrate Judge recommends that
15 the District Judge **grant** Defendant's motion to dismiss Tina Alvarez.

16 *Dismissal of Paragraphs Three and Four*

17 Defendant moves for dismissal of, or in the alternative for a more definite statement
18 of, paragraphs three and four of the complaint. Defendant argues that paragraphs three and
19 four fail to state a claim. Defendant further argues that these paragraphs make conclusory
20 allegations without facts connecting the allegations to the harm suffered by Plaintiffs.

21 Plaintiffs argue that paragraphs three and four are meant to be read in the context of
22 the other paragraphs of the complaint. It is Plaintiffs position that all the paragraphs build
23 upon each other to form Plaintiffs' claims.

24 A complaint will not be dismissed for failure to state a claim unless it appears beyond
25 doubt that the plaintiff will be unable to prove any facts to support it. *Conley v. Gibson*, 355
26 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Whitmore v. Arizona*, 298 F.3d 1134, 1136 (9th
27 Cir.2002) citing *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir.1993). A motion for
28

1  a more definite statement will be granted if a complaint does not properly notify defendant
2  of the allegations charged. *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir.1996).

3  This Court does not find sufficient lack of facts to justify dismissal of paragraphs three
4  and four; nor does the Court find it necessary to require a more definite statement by
5  Plaintiffs. Paragraph three incorporates the facts of the other paragraphs in the complaint by
6  stating "at all times material to this complaint" and paragraphs five, six, and seven draw the
7  link between the harms alleged by Plaintiffs and the negligence alleged in the other
8  paragraphs of the complaint, including paragraphs three and four. The complaint as alleged
9  is sufficient for Defendant to answer. As such, the Magistrate Judge recommends that the
10 District Judge **deny** Defendants motion to dismiss paragraphs three and four as well as the
11 alternative to require a more definite statement.

12 **Conclusion**

13 For the foregoing reasons, the Magistrate Judge recommends that the District Judge
14 after independent review, **grant** Defendant's motion to dismiss Tina Alvarez and **deny**
15 Defendant's motion to dismiss paragraphs three and four.

16 Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten days to file written
17 objections to these findings and recommendation with the Clerk of the District Court. If the
18 objections are not timely filed, they may be deemed waived. If objections are filed, the
19 parties should use the following case number: **CV 05-00078-DCB**.

20 The Clerk of the Court is directed to send a copy of this Report and Recommendation
21 to all parties.

22 DATED this 26th day of January, 2006.

23
24
25
26 _____
27 CHARLES R. PYLE
   UNITED STATES MAGISTRATE JUDGE
28